UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT, SOUTHERN DIVISION IN DETROIT

RICHARD SCHROEDER
AS NEXT FRIEND OF MINOR CHILD,
ANDREW JOSEPH SCHROEDER,

    PLAINTIFF,

V

CASE #
HONORABLE

LAPEER COMMUNITY SCHOOLS,
KELLY PAIGE, DEBBIE THOMPSON,
TODD OWEN, SHARON MILLER AND JAKE
WEINGARTZ,

    DEFENDANTS.

---

KELLER & AVADENKA, P.C.
By Barry F. Keller (P15806)
Ann Marie Pervan (P45213)
Attorneys for Plaintiff
2242 S. Telegraph Road, Suite 100
Bloomfield Hills, MI 48302
(248) 335 9266
FAX (248) 335 6128
kellerandavadenka.com

---

## **COMPLAINT**

NOW COMES Plaintiff, RICHARD SCHROEDER, as Next Friend of his Son,

ANDREW JOSEPH SCHROEDER, and states the following as his Complaint:

### **PARTIES**

1.    Plaintiffs are residents of the City of Lapeer, County of Lapeer, State of Michigan.

2.    Defendant LAPEER COMMUNITY SCHOOLS is a quasi municipal corporation

created pursuant to the laws of the State of Michigan.

3. At all times relevant, Defendant DEBBIE THOMPSON was the superintendent of the LAPEER COMMUNITY SCHOOLS .

4. At all times relevant, Defendant KELLY PAIGE was the principal of the LAPEER EAST HIGH SCHOOL.

5. Defendant TODD OWEN is the coach of the junior varsity basketball team at LAPEER EAST HIGH SCHOOL.

6. At all times relevant, Defendant SHARON MILLER was the Athletic Director at LAPEER EAST HIGH SCHOOL.

7. At all times relevant, Defendant JAKE WEINGARTZ was the physical education/conditioning teacher and football coach at LAPEER EAST HIGH SCHOOL.

## JURISDICTION AND VENUE ALLEGATIONS

8. In part, Plaintiff's claim is based upon Title IX of the Educational Amendments, being 20 USCS 1681.

9. Jurisdiction of this Court is proper pursuant to 28 USCS Section 1343, 20 USCS Section 1681, 28 USCS Section 1331, and under the substantive rights created by the Constitution of the United States of America.

## FACTUAL ALLEGATIONS REGARDING THE
## ASSAULT ON MINOR PLAINTIFF

10. In the 2009-2010 school year, fifteen-year-old Andrew Schroeder [hereinafter *Minor Plaintiff*] was a sophomore at Lapeer East High School who took part in the junior varsity basketball program and as such, was a member of the junior varsity basketball team.

11. On December 17, 2009, in his capacity as a member of the JV basketball team, *Minor Plaintiff* attended an away game wherein he was transported to and from the game

with the Lapeer East High School JV and freshman basketball team on the school's bus.

12. During the ride home, *Minor Plaintiff* noticed that certain junior varsity teammates were whispering among themselves and *Minor Plaintiff* asked them what was going on to which one of them responded that they were planning to "get Henry," the boy sitting next to *Minor Plaintiff*.

13. Telling *Minor Plaintiff* the they were going to "get Henry" was a ruse perpetrated by the athletes so that *Minor Plaintiff* could later be caught unaware when he was attacked by Defendants and consequently, right after the boys told *Minor Plaintiff* that they were going to "get Henry," he text messaged "Henry" stating that the plan was really to "get Andrew."

14. At approximately 9:44 p.m., the bus arrived at the Lapeer East High School and the players were to enter the school to pick up team apparel that had been ordered and as a result, one of the coaches unlocked the door to the school to allow the students to walk across the cafeteria to the locker room and pick up their orders.

15. The coach led the way into the school with the students following behind and *Minor Plaintiff* and "Henry" being the last two students to enter.

16. As soon as the coach entered the locker room, one of the athletes turned and yelled, "Get Henry!" as the athletes, ran back to grab *Minor Plaintiff* for the purposes of molesting and assaulting him.

17. Specifically, the athletes grabbed *Minor Plaintiff* by his legs thereby forcing him to the ground and onto his back while pulling his basketball shorts and underwear down to his ankles.

18. While holding *Minor Plaintiff* down on the floor, the athletes molested and

assaulted Andrew by touching his genitalia and buttock in a prurient manner as well as other parts of his body while laughing, leering and gesticulating in a lewd manner.

19. In the semesters prior to and concurrent with the time period in which the subject assault and molestation occurred, Defendant JACK WEINGARTZ was the physical education/conditioning teacher and football coach at LAPEER EAST HIGH SCHOOL and in this capacity, conducted a conditioning class which was part of the high school curriculum established by Defendant LAPEER COMMUNITY SCHOOLS.

20. In his capacity as a teacher of the conditioning class, Defendant WEINGARTZ implemented, allowed, encouraged and approved of a practice whereby a group of students would swarm on, assault and sexually molest an unsuspecting student as a part of their daily activities.

21. The offensive conditioning class practice was well known to the general student body as well as Defendant LAPEER COMMUNITY SCHOOLS employees.

22. During the police questioning incidental to the subject assault, the perpetrators and several witnesses cited the offensive conditioning class practice as the impetus of the attack on *Minor Plaintiff* ANDREW SCHROEDER

23. On the same night he was attacked, *Minor Plaintiff,* reported the incident to SHARON MILLER, the Lapeer East High School Athletic Director, who notified Lapeer East's administration and arranged a meeting the next for the next morning.

24. From 7:00 a.m. to 7:45 a.m. on December 18, 2009, minor Plaintiff and his parents were questioned by the Lapeer East administrators.

25. After *Minor Plaintiff* and his parents were questioned by Lapeer East High School's administrators , the school administrators waited until the school superintendent came to

the school to call the police notwithstanding the fact that a fifteen year old student had been sexually assaulted by a gang of junior varsity basketball players.

26. After the police were called but before their arrival on campus, the Lapeer East High School administrators questioned the individuals identified by *Minor Plaintiff* as his attackers, all of whom admitted the sexual attack.

27. The sexual attack was captured on video tape by the school's surveillance camera thereby confirming *Minor Plaintiff*'s allegations of being assaulted and said tape was viewed by Lapeer East High School's administrators.

28. The Lapeer East High School administration suspended the student/attackers for ten days at which time the administrators were to give the Schroeder family 24 hours notice before allowing the student/attackers back into school.

29. On January 14, 2010, at the request of the Schroeder family, Lapeer County Circuit Court Judge Michael Higgins issued a personal protection order which prevented the assailants from having contact with *Minor Plaintiff* and effectively prevented the assailants from returning to the Lapeer East High School.

30. On March 19, 2010, *Minor Plaintiff's* parents went to the Lapeer Community Schools board meeting to protest the return of the assailants to the Lapeer East High School insofar as their presence at the school would cause serious psychological and emotional repercussions to *Minor Plaintiff* and would also send a message to the entire student body that sexual assaults perpetrated by school athletes would be tolerated with only minimal disciplinary action.

31. During the entire time *Minor Plaintiff's* parents were addressing their concerns regarding the safety of their child, they were heckled by the assailants family members and

followed to the parking lot where the harassment continued.

32.     On March 19, 2010, at the school board meeting, the Lapeer East High School was represented by the varsity baseball coach who argued in favor of the return of the sexual assailants relying on the athletic abilities of the assailants as proof of their good character.

33.     On March 22, 2010, notwithstanding the fact that criminal charges were pending, and without advanced warning to *Minor Plaintiff* or his family, the LAPEER COMMUNITY SCHOOLS allowed all five student/attackers to return to school and the athletic program with no regard to the *Minor Plaintiff's* safety.

34.     Notwithstanding the fact that one of the boys was identified as the person who orchestrated the sexual assault on *Minor Plaintiff*, at the end of the 2009-2010 school year, Defendant LAPEER COMMUNITY SCHOOLS selected the same individual to receive the *Hoby Award,* for outstanding character and leadership abilities all the while knowing that by selecting this student to receive the honor, Defendant LAPEER COMMUNITY SCHOOLS was endorsing the student as an exemplary student who could be trusted to travel on overnight excursions with other students.

35.     On June 7, 2010, *Minor Plaintiff's* parents' request that Lapeer East High School arrange the 2010-2011 school year class schedules so that *Minor Plaintiff* would not have to be in classes with the individuals who had sexually assaulted him insofar as this would seriously impair *Minor Plaintiff's* ability to learn.

36.     Lapeer East High School, through its agent Mrs. Wilmers, not only refused to accommodate *Minor Plaintiff's* request, but told *Minor Plaintiff's* mother that *Minor Plaintiff* would have to drop core math classes in that the assailants were being given the preference of remaining in the classes.

## FEDERAL CLAIM

## TITLE IX LIABILITY OF

## DEFENDANT LAPEER COMMUNITY SCHOOLS

37.     Plaintiff hereby incorporates all previous allegations as if fully restated herein.

38.     Under the color of state law,  Defendant LAPEER COMMUNITY SCHOOLS, by and through its agents,  have condoned student-on-student sexual and physical harassment in the past, displaying a propensity to down play the acts, blaming the victims, inadequately investigating allegations and minimizing the severity by little or no punitive sanctions against the perpetrators, even to the point of violating their own policies, procedures and /or state or federal law.

39.     Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C.S. § 1681, states that " [n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance..."

40.     Consequently, under Title IX, Defendant LAPEER COMMUNITY SCHOOLS was required to provide *Minor Plaintiff* the benefit of an education program that *Minor Plaintiff* could participate in without being subject to discrimination and/or harassment based on sex.

41.     Moreover, Defendant LAPEER COMMUNITY SCHOOLS, as a public education institution and recipient of Federal funds, can be held liable for damages under Title IX for its own misconduct and in particular, for subjecting their students, to discrimination by being deliberately indifferent to known acts of student-on-student sexual harassment wherein the harasser(s) are under the Defendant's disciplinary authority.

42.     Prior to December 17, 2009,  and specifically during the 2009 - 2010 school year, Defendant LAPEER COMMUNITY SCHOOLS knew that students in East Lapeer High School

conditioning class, under the control and supervision of Defendant WEINGARTZ, had a practice whereby these students, acting as a self proclaimed "mob," would attack and sexually assault unsuspecting students with the permission and endorsement of Defendant WEINGARTZ.

43. On December 17, 2009, when he was thrown to the floor and sexually assaulted by members of Defendant WEINGARTZ's conditioning class, *Plaintiff Minor* was the victim of the sexual harassment that was severe, pervasive, and objectively offensive.

44. After the sexual assault, *Plaintiff Minor* had to suffer further indignities as a result of the deliberate indifference of Defendant LAPEER COMMUNITY SCHOOLS which was manifested by the following acts of malfeasance on the part of Defendant LAPEER COMMUNITY SCHOOLS

    a.    Allowing all of the attackers to return to the general population of the student body after a ten day suspension the implementation of which was only stopped *by Plaintiff-minor's* filing for a personal protection order against the attackers.

    b.    Allowing Defendant WEINGARTZ to continue to provide a warped brand of mentoring the attackers as well as other students;

    c.    Failing to discipline Defendant WEINGARTZ in anyway whatsoever;

    d.    Taking the public position at an open school board meeting in favor of the attackers and against the victim *Minor Plaintiff* by having its agent/employee, the Lapeer East Varsity baseball coach, publicly defend the vile acts of the attackers and plead for the attackers return to the student population;

    e.    Hand selecting the leader of the gang that attacked *Minor Plaintiff* to receive the prestigious *Hoby Award* for being an exemplary leader and community member and thereby bestowing on the individual the educational benefits of being able to

    travel to leadership conventions in place like Washington D.C.;

  f. Refusing to accommodate *Plaintiff Minor's* request that his attackers not be placed in any of his classes in the 2010-2011 school year by telling *Plaintiff Minor's* parents that *Plaintiff Minor* can either get over the attack or not take the advanced classes to which his exemplary grades entitle him since Defendant LAPEER refuses to change the schedule of any of the attackers; and

  g. Failing to take immediate and appropriate steps to investigate and otherwise determine what occurred and take steps reasonably calculated to end any harassment, eliminate a hostile environment and prevent harassment from occurring again.

  45. Notwithstanding Defendant LAPEER COMMUNITY SCHOOLS' knowledge of the hostile and violent environment WEINGARTZ was creating with the mob mentality cultivated in his school-sanctioned conditioning class, Defendant's response to the sexual assault on *Minor Plaintiff* was clearly unreasonable in light of the known circumstances and therefore in direct violation of Title IX of the Educational Amendments of the Civil Rights Act,.

  46. As a direct and proximate result of the Defendant LAPEER COMMUNITY SCHOOLS's acts and / or omissions, as well as its deliberate indifference as heretofore described, *Minor Plaintiff* was denied access to educational opportunities and/or benefits provided by Defendant LAPEER COMMUNITY SCHOOLS in direct violation of Title IX.

  47. As a direct and proximate result of the Defendant LAPEER COMMUNITY SCHOOLS's acts and / or omissions, as well as its deliberate indifference as heretofore described, *Minor Plaintiff* was forced to suffered embarrassment, humiliation, fear of retaliation, intimidation, breach of trust, anxiety, depression, shock, fright mortification and severe emotional

and mental distress in an amount to be proven at trial.

WHEREFORE, Plaintiff requests an award in the amount of not less than $500,000.00, together with costs, attorney fees and interest as allowed by law.

## PENDANT STATE CLAIMS

48. Plaintiff hereby incorporates all previous allegations as if fully restated herein.

49. Since this Honorable Court has original jurisdiction over Plaintiff's Title IX claim pursuant to 28 USCS 1367, the Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's Title IX claim, since they form part of the same case and controversy, under Article III of the United States Constitution, including such supplemental jurisdiction over claims that involve additional parties defined by the law as individuals subject to liability under Title IX.

50. The exercise by this Court of pendant jurisdiction is appropriate and necessary in that the state jurists under whose jurisdiction this matter would fall have served as members of the Defendant school board or have direct ties with the named Defendants and/or Lapeer School System and/or Lapeer School Athletics programs such that issues involving conflict of interest and impropriety would be unavoidable.

## PENDANT JURISDICTION

## GROSS NEGLIGENCE CLAIM WITH RESPECT TO

## DEFENDANTS DEBBIE THOMPSON, KELLY PAIGE,

## TODD OWEN, SHARON MILLER AND JAKE WEINGARTZ

51. Plaintiff hereby incorporates all previous allegations as if fully restated herein.

52. At all times relevant, both Defendant DEBBIE THOMPSON, as the superintendent, and Defendant KELLY PAIGE, as the principal of the LAPEER COMMUNITY

SCHOOLS, were intimately involved in overseeing the operation of the LAPEER EAST HIGH SCHOOL and, as such, were responsible for the following:

    a.    To insure that the teachers and coaches who were hired were properly trained and aware of the appropriate methods by which to instruct children put into their care;

    b.    To provide for the safety and well being of the students of Lapeer East High School, and in particular, *Minor-Plaintiff*; and

    c.    To provide a safe and appropriate environment for the students of Lapeer East High School, and in particular, *Minor-Plaintiff*.

53.    In he 2009-2010 school year, Defendant DEBBIE THOMPSON, as the superintendent, and Defendant KELLY PAIGE, as the principal of the LAPEER COMMUNITY SCHOOLS breached the afore stated duties as follows:

    a.    By hiring a 23 year old man with insufficient training in the matters of the safety and well being of underage children as a varsity football coach and physical education teacher with the result that the student instructed by said individual were encouraged to and ultimately did attack and sexually assault other students including *Minor Plaintiff*.

    b.    By failing to provide for the safety and well being of the students of Lapeer East High School, and in particular, *Minor-Plaintiff* by allowing organized acts of violence to propagated at Lapeer East High School.

    c.    By failing to provide a safe and appropriate environment for the students of Lapeer East High School, and in particular, *Minor-Plaintiff* by not only allowing organized acts of violence to propagated at Lapeer East High School, but by rewarding it as heretofore outlined in this complaint.

54. At all times relevant, both Defendant DEBBIE THOMPSON, as the superintendent, and Defendant KELLY PAIGE, as the principal of the LAPEER COMMUNITY SCHOOLS were intimately involved in overseeing the operation of the LAPEER EAST HIGH SCHOOL and as such were responsible for the following:

   a. To insure that the teachers and coaches who were hired were properly trained and aware of the appropriate methods by which to instruct children put into their care;

   b. To provide for the safety and well being of the students of Lapeer East High School, and in particular, *Minor-Plaintiff*; and

   c. To provide a safe and appropriate environment for the students of Lapeer East High School, and in particular, *Minor-Plaintiff*.

55. In he 2009-2010 school year, Defendant DEBBIE THOMPSON, as the superintendent, and Defendant KELLY PAIGE, as the principal of the LAPEER COMMUNITY SCHOOLS breached the afore stated duties as follows:

   a. By hiring a 23 year old man with insufficient training in the matters of the safety and well being of underage children as a varsity football coach and physical education teacher with the result that the student instructed by said individual were encouraged to and ultimately did attack and sexually assault other students including *Minor Plaintiff*.

   b. By failing to provide for the safety and well being of the students of Lapeer East High School, and in particular, *Minor-Plaintiff* by allowing organized acts of violence to propagated at Lapeer East High School.

   c. By failing to provide a safe and appropriate environment for the students of Lapeer East High School, and in particular, *Minor-Plaintiff* by not only allowing

organized acts of violence to propagated at Lapeer East High School, but by rewarding it as heretofore outlined in this complaint.

56. At all times relevant, both Defendant TODD OWEN, as the coach of the junior varsity basketball team at LAPEER EAST HIGH SCHOOL, and Defendant SHARON MILLER, as the Athletic Director at LAPEER EAST HIGH SCHOOL were intimately involved in overseeing the operation of the LAPEER EAST HIGH SCHOOL athletic department and as such were responsible for the following

   a. To insure that the teachers and coaches who were hired were properly trained and aware of the appropriate methods by which to instruct children put into their care;

   b. To provide for the safety and well being of the students athletes of Lapeer East High School, and in particular, *Minor-Plaintiff*; and

   c. To provide a safe and appropriate environment for the students athletes of Lapeer East High School, and in particular, *Minor-Plaintiff*.

57. In he 2009-2010 school year, Defendant TODD OWEN, as the coach of the junior varsity basketball team at LAPEER EAST HIGH SCHOOL, and Defendant SHARON MILLER, as the Athletic Director at LAPEER EAST HIGH SCHOOL breached the afore stated duties as follows:

   a. By hiring a 23 year old man with insufficient training in the matters of the safety and well being of underage children as a varsity football coach and physical education teacher with the result that the student instructed by said individual were encouraged to and ultimately did attack and sexually assault other students including *Minor Plaintiff*.

   b. By failing to provide for the safety and well being of the students of Lapeer East

        High School, and in particular, *Minor-Plaintiff* by allowing organized acts of violence to propagated at Lapeer East High School by student in the athletic program.

c. By failing to provide a safe and appropriate environment for the students of Lapeer East High School, and in particular, *Minor-Plaintiff* by not only allowing organized acts of violence to propagated at Lapeer East High School, but by rewarding it as heretofore outlined in this complaint.

d. By failing to oversee and monitor the conduct of student athletes at after school sporting events to prevent student on student violence as herein described.

58. At all times relevant, Defendant JACK WEINGARTZ ,as the physical education/conditioning teacher and football coach at LAPEER EAST HIGH SCHOOL, had a duty to refrain from any conduct that would lead to the reckless endangerment of the students of Lapeer East High School, and in particular Plaintiff minor, and further, to provide within the realm of his job authority, the following:

a. The safety and well being of the students of Lapeer East High School, and in particular, *Minor-Plaintiff*; and

b. A safe and appropriate environment for the students of Lapeer East High School, and in particular, *Minor-Plaintiff*.

59. Defendant WEINGARTZ breeched this duty by instructing, implementing, tolerating and encouraging students under his auspices to act as a self proclaimed "mob," and attack and sexually assault unsuspecting students.

60. The conduct of Defendants DEBBIE THOMPSON, KELLY PAIGE, TODD OWEN, SHARON MILLER AND JACK WEINGARTZ, as heretofore outlined above, was so

reckless as to demonstrate a substantial lack of concern for whether an injury would result and said conduct amounted to gross negligence and set forth in MCLA 691.1407(7)(a).

61. Moreover, this gross negligence was the proximate and immediate cause of Plaintiff being forced to suffer embarrassment, humiliation, fear of retaliation, intimidation, breach of trust, anxiety, depression, shock, fright mortification and severe emotional and mental distress as well as pain and suffering.

WHEREFORE, with respect to each individual Defendant, DEBBIE THOMPSON, KELLY PAIGE, TODD OWEN, SHARON MILLER AND JACK WEINGARTZ, Plaintiff requests an award in the amount of not less than $500,000.00, together with costs, attorney fees and interest as allowed by law.

Respectfully submitted,

/s/ Richard Schroeder
RICHARD SCHROEDER, Plaintiff

.

KELLER & AVADENKA, P.C.

By: /s/ Barry F. Keller
Ann Marie Pervan (P45213)
Barry F. Keller (P15806)
Attorneys for Plaintiff

DATED: August 9, 2010

JURY DEMAND

DEMAND IS HEREBY MADE FOR TRIAL BY JURY.

       Respectfully submitted,

       KELLER & AVADENKA, P.C.

    By: /s/ Barry F. Keller_____
       Ann Marie Pervan (P45213)
       Barry F. Keller (P15806)
       Attorneys for Plaintiff


       /s/ Richard Schroeder_____
        RICHARD SCHROEDER, Plaintiff

Dated: August 9, 2010