UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SCHROEDER, As Next Friend of
ANDREW JOSEPH SCHROEDER,

    Plaintiff,

v.

LAPEER COMMUNITY SCHOOLS, KELLY PAIGE, DEBBIE THOMPSON, TODD OWEN, SHARON MILLER and JAKE WEINGARTZ,

    Defendants.

Case No. 10-13321
Hon. George Caram Steeh
Magistrate Virginia M. Morgan

---

**KELLER & AVADENKA, PC**
By:   Barry F. Keller (P15806)
       Ann Marie Pervan (P45213)
Attorneys for Plaintiff
2242 S. Telegraph Road, Suite 100
Bloomfield Hills, Michigan 48302
Telephone: (248) 335-9266
Fax: (248) 335-6128

**LUSK & ALBERTSON, PLC**
By:   Kevin T. Sutton (P65364)
Attorney for Defendants
40950 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304-5129
Telephone: (248) 988-5695
Fax: (248) 258-2851

---

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendants, by and through their respective counsel, hereby stipulate and agree as follows:

1.    All information designated by any party to this action as "Confidential" and produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial in this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. In designating information as "Confidential," a party will make such designation only as to that information that it, in good faith, believes contains confidential or proprietary information. Information or material that is

1

available to the public and the like shall not be so designated.  Designation of information as "Confidential" and subject to this Protective Order can only be made by a party to this case.

2. All information marked "Confidential" shall be used solely for the purpose of preparation and trial in this litigation and for no other purpose whatsoever, and shall not be disclosed to any person other than "Qualified Persons" as that term is defined below. Information marked "Confidential" shall only include information concerning the clients or prospective clients of either the Plaintiffs or the Defendants.

3. "Qualified Persons," as used herein means:

    (a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    (b) Actual or potential independent experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" to such person, and who have acknowledged in writing to have read this Order, agreed to be bound by its terms and subject to the contempt powers of this Court for a violation of this Order; and

    (c) Any other person that is designated as a "Qualified Person" by order of the Court, after notice and hearing to all parties.

4. Information disclosed at (a) the deposition of a party or one of its present or former managers, officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party may be designated by any party as "Confidential" by indicating on the record at the deposition that the testimony or section of deposition is "Confidential" and is subject to the provisions of this Order.

Any party may also designate information disclosed at deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of this transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and

each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

5. Copies of "Confidential" information provided to a receiving party shall be maintained in the offices of counsel. Any "Confidential" information produced in this litigation, which is provided to "Qualified Persons" under Paragraph 3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made thereof. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

6. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

7. Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped or labeled prominently "Confidential" by the producing party.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or, if the Court, upon motion, orders such disclosures, nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereof. In the event that any party to this litigation disagrees at any stage of these proceedings

with the designation of any information as "Confidential" or the designation of any person as a "Qualified Person," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may move the Court for an order removing the designated status.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

10. In the event a party wishes to use any "Confidential" information in any affidavit, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" information used therein shall be filed under seal with the Court.

11. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this action.

12. Within 120 days after conclusion of this litigation and any appeal thereof, any designated documents and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraph 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.

13. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party his evaluation in a general way of "Confidential" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not

disclose the specific contents of any "Confidential" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

14. Any party designating any person as a "Qualified Person" shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

15. This Protective Order will become effective on its execution by the undersigned counsel for the parties notwithstanding the date the Court enters the Protective Order.

**IT IS SO STIPULATED AND SO ORDERED.**

                                              s/George Caram Steeh
                                              Hon. George Caram Steeh
                                              U.S. District Court Judge

Dated: December 7, 2010

*Approved as to form and substance:*

| | |
|---|---|
| s/ with consent of Barry F. Keller | s/ Kevin T. Sutton |
| Barry F. Keller (P15806) | Kevin T. Sutton (P65364) |
| Attorney for Plaintiff | Attorney for Defendants |
| KELLER & AVADENKA PC | LUSK & ALBERTSON PLC |
| 2242 S. Telegraph Road, Suite 100 | 40950 Woodward Avenue, Suite 350 |
| Bloomfield Hills, Michigan 48302 | Bloomfield Hills, Michigan 48304-5129 |
| (248) 335-9266 | (248) 988-5695 |

Dated: December 6, 2010